**FILED**

JAN 7 _ 2005

LARRY W. PROPES, CLERK
COLUMBIA, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CAROL P. BLACK, | ) |
| Plaintiff, | ) |
| VS. | ) CIVIL ACTION FILE |
| | ) NO. _____ |
| BRYAN M. HALTERMANN, | ) |
| Defendant, | ) 3  05    5 2  2 2 |

### NOTICE OF REMOVAL

COME NOW the Defendant Bryan M. Haltermann and hereby provide notice to the United States District Court for the District of South Carolina, as follows:

On December 9, 2004, Defendant Bryan M. Haltermann was served with a copy of the Complaint in a case styled <u>Carol P. Black vs. Bryan M. Haltermann,</u> Civil Action No. 2004-CP-40-5660 filed in the Court of Common Pleas for Richland County, South Carolina. Defendant Haltermann received service of the Summons and Complaint by certified mail on December 9, 2004.

Attached hereto as Exhibit A is a copy of the Summons, Complaint, and Civil Action Coversheet which, to the best of Defendant's knowledge, represents all of the pleadings and orders served, filed or issued in this matter to date.

As alleged in the Complaint, and to the best of the knowledge and belief of Defendant, the Plaintiff was at the time of the commencement of this action and remains a citizen of the State of South Carolina or California. Defendant Haltermann has at all times and at the commencement of this action and remains a citizen of the State of Georgia. The parties, therefore, are citizens of



different states within the meaning of 28 U.S.C. § 1332(a)(1). Moreover, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, according to the allegations of the Complaint.

Accordingly, this civil action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 1446.

This notice is filed within 30 days of Defendant Haltermann's first receipt of the Complaint by service of process or otherwise and, therefore, it is timely within the provisions of 28 U.S.C. § 1446(b).

Contemporaneous with the filing of this notice, Defendant is giving written notice of the Notice of Removal to all adverse parties as well as the Clerk of the Court of Common Pleas for Richland County, South Carolina, as required by 28 U.S.C. 1446(d). Moreover, the payment of all appropriate fees and costs for removal and for the docketing of this matter in the federal court, if any, are being paid with the filing of this notice.

This notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a).

WHEREFORE, the Defendant Bryan M. Halterman respectfully prays that this notice be filed; that the civil action referred to herein be removed and proceed in this Court; that no further proceedings be had in this civil action in the Court of Common Pleas for Richland County, South

Carolina; and that they have such other and further relief as may be appropriate under the circumstances.

This 6TH day of January, 2005.

*Richard E. Miley*

RICHARD E. MILEY (803) 279-9698
Federal Bar No. 3127   FAX (803) 279-9529
Attorney for Defendant
P.O. Box 6352, North Augusta, SC 29861

OF COUNSEL:

WARLICK, TRITT, STEBBINS & HALL, LLP
    JAMES S. MURRAY
    WM. BYRD WARLICK
    Georgia Bar No. 737800
    Attorneys for Defendant
    Post Office Box 1495
    Augusta, GA 30903-1495
    706-722-7543

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF RICHLAND )
) C/A No.:
CAROL P. BLACK )
)
PLAINTIFF, ) **SUMMONS**
) (JURY TRIAL DEMANDED)
-VS.- )
)
BRYAN M. HALTERMANN )
)
DEFENDANT. )
)

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to said Complaint upon the undersigned subscriber at Post Office Box 61110, Columbia, South Carolina 29260, within thirty (30) days after service upon you, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

_____
Henry P. Wall         S.C. Bar No. 5797
Bruner, Powell, Robbins, Wall & Mullins, LLC
P.O. Box 61110
Columbia, SC 29260
(803) 252-7693
Attorneys for the Plaintiff

Columbia, South Carolina
December 6, 2004

Exhibit A

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF RICHLAND      )  C/A No.:
                        )
                        )
CAROL P. BLACK          )
                        )
    PLAINTIFF,          )  **COMPLAINT**
                        )  (JURY TRIAL DEMANDED)
  -VS.-                 )
                        )
BRYAN M. HALTERMANN     )
                        )
    DEFENDANT.          )
                        )

The Plaintiff, complaining of the Defendant, would show:

## General Factual and Jurisdictional Allegations

1. Plaintiff, Carol P. Black ("Black"), is a resident and citizen of Richland County, South Carolina.

2. Defendant, Bryan M. Haltermann ("Haltermann"), is a citizen and resident of the State of Georgia.

3. From 1993 until 2003 Black lived and worked in the metropolitan area of Los Angeles, California. Through her own efforts and industriousness, Black had achieved financial success and independence, had passed the California Bar, and was pursuing her life objective of gaining experience in the motion picture industry as a lawyer and consultant.

4. In July of 2002, Black met Haltermann in Aiken, South Carolina, at the home of a mutual friend. Black and Haltermann became involved romantically and frequently visited each other and regularly exchanged phone calls and correspondence. Over

1

time the romance developed and ultimately culminated in a proposal of marriage from Haltermann which Black accepted. From the Fall of 2002 through the Spring of 2003, the parties discussed, planned and organized their wedding and plans for marriage. Among other things, the parties purchased wedding rings, reserved a church in South Carolina for the wedding, prepared invitation and guest lists for the wedding, set a wedding date, published their intentions for marriage to their friends and/or families, shopped for invitations, china, silver and a prospective marital residence, and discussed their plans for children. In furtherance of their plans, Haltermann visited Black's parents in South Carolina to ask for their blessing and Black's hand in marriage.

5. Haltermann and Black knew and expected that as a consequence of these plans, it would be necessary for Black to return to South Carolina and that the move would entail certain financial sacrifices and expenses. Among other things, Black would be required to: discontinue her professional goals, aspirations and career in California, incur substantial expenses in moving and transporting her property from California to South Carolina, incur substantial travel expenses, abandon a prime and highly desirable "rent-controlled" apartment in Santa Monica, California and Black's equity therein, accept less desirable employment in South Carolina or Georgia, exhaust her personal savings accounts to pay for a portion of the expenses associated with the planned marriage, locate temporary employment and an apartment, and devote considerable time and attention to establishing a marital home and residence for the mutual benefit of both parties.

6. Haltermann induced Black to make these sacrifices and incur these expenses through his offer and proposal of marriage and Black reasonably relied upon Haltermann's sincerity, honesty, good faith and commitment. Black in fact did so rely and incurred these expenses. In exchange for these sacrifices and her assistance and during the course of Black's relocation to South Carolina, Haltermann promised to reimburse and pay for a substantial portion of Black's considerable travel and relocation expenses.

7. Haltermann subsequently reneged and retracted his offer of marriage after Black had irretrievably committed to the marriage and incurred significant monetary expenses. Black also suffered extreme emotional distress and heartbreak as a result of Haltermann's breach. Upon information and belief, and prior to Haltermann's decision to renege, Haltermann surreptitiously began a romantic relationship with one or more other women. Haltermann concealed and misled Black about his other romantic affairs and acted callously, indifferently, outrageously and with the intent to harm or reckless indifference to Black's financial and emotional welfare.

8. Since her move to South Carolina, Black has been unable to locate or obtain a comparable professional position and has been forced to accept employment of a menial and unskilled nature. Black has suffered emotional distress, depression and requires continuing medical attention. Black has lost the benefit of all savings and assets that she once had. Haltermann, despite demand, has failed to pay Black with the exception of a partial payment of $500.00 by which Haltermann ratified his obligations and which Black has applied and credited to his continuing financial obligations.

9. Jurisdiction and venue are proper in this court in that Black is a resident of Richland County, the parties planned and carried out their contract of marriage in South Carolina in whole or in part, and Haltermann induced Black to return to South Carolina, planned a wedding in South Carolina, owns property in South Carolina, and conducted business and transactions in South Carolina in furtherance of the marriage plans and proposal.

## BY WAY OF FIRST CAUSE OF ACTION
### (Breach of Marriage Contract)

10. Haltermann breached and anticipatorily repudiate his obligation and offer of marriage to Black in the manner alleged in paragraphs 1-9 above.

11. As a consequence of the breach, Black has been damaged in an amount in excess of $100,000.00 for which Haltermann is liable.

## BY WAY OF A SECOND CAUSE OF ACTION
### (Promissory Estoppel)

12. Black reasonably, detrimentally and properly relied on Haltermann's conduct and marriage proposal.

13. Haltermann reneged on his proposal and harmed Black.

14. As a consequence of the foregoing, Black has been damaged in an amount in excess of $100,000.00 for which Haltermann is liable.

4

**WHEREFORE**, the Plaintiff prays for an Order of Judgment and Judgment against the Defendant, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) for the costs of this action, for punitive damages, for attorney's fees, for the trial by jury as to all issues, and for such other and further relief as the Court may deem just and proper.

BRUNER, POWELL, ROBBINS, WALL & MULLINS, L.L.C.

_____
Henry P. Wall
Post Office Box 61110
1735 St. Julian Place, Suite 200
Columbia, South Carolina, 29260-1110
Telephone (803) 252-7693
Facsimile: (803) 254-5719

Columbia, South Carolina
December 6, 2004

5

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | C/A No.: **COPY** |
| | ) | |
| CAROL P. BLACK | ) | |
| | ) | 04CP405660 |
| PLAINTIFF, | ) | |
| | ) | **CIVIL ACTION COVERSHEET** |
| -VS.- | ) | |
| | ) | 2004 DEC -6 PM 4:42 |
| BRYAN M. HALTERMANN | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

The cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. **A copy of this Cover Sheet must be served on the defendant(s) along with the Summons and Complaint.**

**NATURE OF ACTION:** *(check on category for the main cause of action)*

|   |   |   |   |
|---|---|---|---|
| ( ) | TORT - Motor Vehicle | ( ) | CONTRACT - Debt Collection |
| ( ) | TORT - Professional Malpractice | ( ) | CONTRACT - Employment |
| ( ) | TORT - Unfair Trade Practices, and Other Economic or Related Wrongs | ( ) | CONTRACT - Construction |
| | | ( ) | CONTRACT - Wrongful Breach |
| ( ) | TORT – Products Liability | (X) | CONTRACT - General or Other |
| ( ) | TORT - General or Other | ( ) | REAL PROPERTY |
| ( ) | PCR | | ( ) MINOR SETTLEMENTS |
| ( ) | GOV/ADM – Worker's Comp. | ( ) | DOMESTICATE FOREIGN JUDG. |
| ( ) | GOV/ADM – General or Other | ( ) | OTHER *(Please Describe))* |

**JURY DEMAND (X) YES   ( ) NO**

Note:   Information requested on this form is preliminary in nature, and for administrative purposes only. The response to this request for information on jury demand merely indicates a likelihood that a jury trial will or will not be requested and does NOT constitute a demand for or a waiver of trial by jury pursuant to applicable rules or statutes.

**DOCKETING INFORMATION** *(Check one box.)*

( )   This case is subject to **arbitration** (all cases with monetary damages less than $25,000 are subject to arbitration, unless otherwise exempt).

(x)   This case is subject to **mediation** (all cases not subject to arbitration must be mediated, unless otherwise exempt.

( )   This case is exempt from ADR, and certificate is attached.

_____
Henry P. Wall, Esquire
ATTORNEY FOR THE PLAINTIFF
Carol Black

December 6, 2004

1

## CERTIFICATE OF SERVICE

I do hereby certify that on this day I served a copy of the within and foregoing upon all parties by causing the same to be delivered by U. S. Mail, in a properly addressed envelope with sufficient postage affixed thereto for delivery to the respective counsel of record, to-wit:

Henry P. Wall, Esq.
Attorney for Plaintiff
Post Office Box 61110
1735 St. Julian Place, Suite 200
Columbia, SC 29260-1110

This the __6TH__ day of January, 2005..

_Richard E. Miley_
RICHARD E. MILEY

4