IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carol P. Black | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A No. 3:05-00052-22 |
| | ) | |
| v. | ) | |
| | ) | |
| Bryan M. Haltermann, | ) | **ORDER ON REQUEST TO SEAL** |
| | ) | **AND TO FILE AMENDED ANSWER** |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the parties' joint request to seal certain exhibits and seeking leave for Defendant to file an amended answer. For the reasons set forth below, this consent request is granted.

### BACKGROUND

This action, filed December 6, 2004 in state court, was removed on January 7, 2005. At that time, Defendant filed an answer and a motion to dismiss. Defendant now seeks to amend his answer to strike certain allegations. On January 26, 2005, Plaintiff filed a memorandum in opposition to Defendant's motion to dismiss (docket entry number 8).[1] Plaintiff filed an affidavit with her memorandum, to which she attached over forty pages of electronic communication between herself and Defendant. These e-mails were of a very personal nature. On February 7, 2005, Defendant filed a reply in support of the motion to dismiss. That same day, Defendant filed a supplemental affidavit (docket entry number 10) to which he attached several pages of e-mails that were also of a personal nature.[2]

---

[1] Plaintiff's memorandum and affidavit with attached e-mails are filed together as docket entry number 8 on the civil docket for case number 3:05-cv-00052-CMC.

[2] Defendant's supplemental affidavit with attached e-mails is docket entry number 10 on the civil docket for case number 3:05-cv-00052-CMC.

Before the court ruled on Defendant's motion to dismiss, the parties mediated and settled this case. As part of their settlement, the parties agreed to jointly seek leave from the court to seal their personal e-mail correspondence and to allow Defendant to amend his answer.

## **DISCUSSION**

The court begins its analysis with the presumption that judicial proceedings and records should be open to the public. *See Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180-81 (4th Cir. 1988). In order to seal records or close proceedings, the court must first determine whether the public's right to access derives from the First Amendment guarantee or simply from the less rigorous common law presumption of openness. The court must then determine whether the rights of the individual seeking to seal the records or close the courtroom outweigh the relevant right or presumption in favor of access. These determinations can be made only after providing proper notice to the public and an opportunity to object. If the court ultimately determines that sealing is appropriate, it must place the reasons for its decision on the record. Those reasons must be supported by specific findings, including the reasons for rejecting alternatives to sealing. These safeguards must be applied regardless of the parties' consent to the sealing, as they are intended to protect the public interest, not merely the interest of the litigants.

Had this court considered the personal e-mails in making a ruling on Defendant's motion to dismiss in this case, the appropriate standard to consider would likely be the First Amendment, as the motion was of a dispositive nature. *See Virginia Department of State Police v. The Washington Post*, 386 F.3d 567 (4th Cir. 2004) (applying First Amendment standard to summary judgment related documents). The First Amendment guarantee of public access applies when: (1) the place and process are historically open to the press and general public; and (2) the public plays a significant positive role in the functioning of the particular process in question. *In re Knight Publishing Co.,* 743 F.2d 231, 233-35 (4th Cir. 1984) (applying First Amendment guarantee to hearing in

criminal matter). If the proceeding at issue is subject to First Amendment protection, the court must first identify a "compelling . . . interest" in protecting the documents from disclosure and then insure that sealing is "narrowly tailored to serve that interest." *Id.*

The common law presumption of public access applies to all other filed documents and hearings, at least if those documents are considered by the court. *E.g., Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000) (applying common law presumption to settlement papers in a civil action); *Knight* (applying common law presumption to filed documents in a criminal proceeding). When the common law presumption of access applies, the court must consider "whether the records are [or could be] sought for improper purposes; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Knight,* 743 F.2d at 235.

In this case, the documents sought to be sealed were never considered by the court, as the court did not rule on the motion to dismiss. Therefore, neither the First Amendment nor the common law standard may apply in this case. *See PMSC v. Ernst & Young,* 1995 WL 541623 (4th Cir. 1995) (unpublished case finding no presumption of access where documents attached to motion to dismiss were not considered by the court). *But see Ashcraft,* 218 F.3d at 302 (common law presumption applies to settlement papers filed with court). Even if neither the First Amendment nor the common law presumption of access applies, the court concludes that the highly personal nature of the information supports sealing as the only reasonable means of protecting this information from public access. While the documents have already been available electronically on the public docket for some time, it does not appear that they have been accessed by anyone other than parties in this action, their counsel, or the court.

However, because this motion affects the public interest, the court will give notice and opportunity for the public to object to the sealing of documents. *Stone,* 855 F.2d at 181. Because the request was made by letter rather than motion, the public has had no notice or opportunity to be heard. This order will, therefore, serve as public notice that these documents are to be sealed, and the court will consider any future challenge to the sealing of these documents if any is filed. The court is sealing the e-mail exhibits only, leaving the memoranda and affidavits public, so as to tailor the remedy as narrowly as possible. The court concludes that there is no less drastic alternative available to protect the parties' interest in the confidentiality of these personal communications.

## CONCLUSION

For the reasons set forth above, the parties' request to seal and to allow Defendant to file an amended answer is GRANTED. The clerk is ordered to seal the exhibits containing electronic communications between the parties; specifically, pages 30 - 70 of docket entry number 8, and pages 3 - 10 of docket entry number 10. This order is subject to reconsideration should either a party or nonparty challenge it at any point in the future.

**IT IS SO ORDERED.**

                                                          s/ Cameron McGowan Currie
                                                          CAMERON MCGOWAN CURRIE
                                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 23, 2005

C:\temp\notesB0AA3C\~3942747.wpd

4